

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Richmond Division

EILEEN MCAFEE,

    Plaintiff,

v.

CHRISTINE M. BOCZAR, et al.,                       Civil Action No. 3:11cv646

    Defendants.

and

VIRGINIA DEPARTMENT OF HEALTH,

    Movant.

## MEMORANDUM OPINION

This matter comes before the Court for disposition, pursuant to 28 U.S.C. § 636(b)(1)(A), of Movant the Virginia Department of Health's Motion to Quash Subpoena Duces Tecum for Confidential Medical Records ("Motion to Quash"). (Docket No. 45.) This motion has been fully briefed (Docket Nos. 54, 59, 66) and is ripe for disposition. The Court dispenses with oral argument because the facts and legal contentions are adequately presented in the materials before the Court and argument would not aid the decisional process. For the reasons that follow, the Court will GRANT Movant's Motion to Quash.

### I. Factual and Procedural Background

On September 28, 2011, Plaintiff Eileen McAfee filed a lawsuit alleging that Defendant Christine M. Boczar, an Animal Control Officer and Deputy Sheriff in Powhatan County, Virginia, maliciously instigated criminal proceedings against McAfee without probable cause. (Compl. ¶¶ 1-2.) Specifically, Boczar sought and obtained a misdemeanor warrant for arrest,

charging McAfee with violating Virginia Code § 18.2-313.1.[1] McAfee asserts three claims in her Complaint: (1) a claim pursuant to 42 U.S.C. § 1983 and premised on the Fourth Amendment, alleging that Boczar instigated criminal charges without probable cause; (2) a malicious prosecution claim under state law; and, (3) a false imprisonment claim under state law. (Compl. ¶¶ 2, 40-50.)

During discovery, Boczar indicated she sought a warrant for McAfee's arrest relying in part on conversations Boczar had with Sharon Wampler, a community public health nurse at Henrico Health Department, during which Wampler discussed conversations she had had with McAfee. Wampler testified during her March 2012 deposition that she has postural orthostatic tachycardia syndrome which could affect her memory and that she was being evaluated for memory problems.

On May 17, 2012, counsel for McAfee issued a subpoena to Wampler seeking her medical records to the extent they relate to treatment of any condition that could affect memory or cognitive function. A process server served the subpoena by posting on May 18, 2012, and the subpoena set a return date of May 25, 2012, the scheduled close of discovery. On May 24, 2012, Wampler filed a motion to quash. On June 22, 2012, the Court denied Wampler's motion to quash, but modified the subpoena. (*See* June 22, 2012 Order & Mem. Op.)

On June 7, 2012, thirteen days beyond the close of discovery, counsel for McAfee issued a subpoena to Walter V. Vieweg, M.D., again seeking Wampler's medical records to the extent they relate to treatment of any condition that could affect memory or cognitive function.

---

[1] This statute makes it unlawful to "knowingly withhold information from, or knowingly give false information to, any lawfully authorized governmental agent which would reasonably lead to the discovery or location and capture of any animal reasonably identifiable as one that has potentially exposed a human being to rabies." Va. Code § 18.2-313.1.

2

(Movant's Mot. Quash Ex. A.) The subpoena set a return date of June 22, 2012, twenty-eight days beyond the close of discovery. (*Id.*)

On June 14, 2012, Movant filed this Motion to Quash. Movant contends that the subpoena should be quashed because both the subpoena's issuing date and the return date fall well beyond the close of discovery.[2] In response, McAfee argues: "The subpoena to Dr. View[e]g was issued late in the discovery time frame because it only became evident that it was necessary to issue the subpoena when counsel for McAfee was informed by counsel for Wampler ... well after the subpoena was served on Wampler ... that Wampler had few, if any, records in her possession." (Pl.'s Mem. Opp'n Mot. Quash ("Pl.'s Mem. Opp'n") 4 n.3.)

## II. Applicable Law

The Federal Rules of Civil Procedure govern the scope of discovery: "Parties may obtain discovery regarding any *nonprivileged* matter that is relevant to any party's claim or defense . . . ." Fed. R. Civ. P. 26(b)(1) (emphasis added). Furthermore, "[r]elevant information need not be admissible at the trial if the discovery appears reasonably calculated to lead to the discovery of admissible evidence." Fed. R. Civ. P. 26(b)(1).

Pursuant to Federal Rule of Civil Procedure 45, parties may use subpoenas to command parties or non-parties to "produce designated documents, electronically stored information, or tangible things in that person's possession, custody, or control." Fed. R. Civ. P. 45(a)(1)(A)(iii). A court must quash or modify a subpoena that "fails to allow a reasonable time to comply; . . . requires disclosure of privileged or other protected matter, if no exception or waiver applies; or . . . subjects a person to undue burden." Fed. R. Civ. P. 45(c)(3)(A). "[T]he burden for showing

---

[2] Movant also asserts other grounds to quash the subpoena. The Court need not reach these alternative arguments because it will quash the subpoena based on its untimeliness.

3

that a subpoena must be quashed under Rule 45(c)(3) is at all times on the movant." *Ohio Valley Envtl. Coal., Inc. v. U.S. Army Corps of Eng'rs,* No. 1:11MC35, 2012 WL 112325, at *2 (N.D. W. Va. Jan. 12, 2012); *see Sheet Metal Workers Int'l Assoc. v. Sweeney,* 29 F.3d 120, 125 (4th Cir. 1994).

In civil actions, the Court must issue a scheduling order limiting the time to complete discovery. Fed. R. Civ. P. 16(b); E.D. Va. Loc. Civ. R. 16(B). The scheduling order "may be modified only for good cause and with the judge's consent." Fed. R. Civ. P. 16(b)(4); *see* E.D. Va. Loc. Civ. R. 16(B) ("The parties and their counsel are bound by the dates specified in any such orders and no extensions or continuance thereof shall be granted in the absence of a showing of good cause."). Good cause exists when the parties cannot reasonably meet deadlines despite their own diligence. *Vercon Constr., Inc. v. Highland Mortg. Co.,* 187 F. App'x 264, 265 (4th Cir. 2006). "[T]he primary consideration is the diligence of the moving party." *Montgomery v. Anne Arundel Cnty.,* 182 F. App'x 156, 162 (4th Cir. 2006). "Mere failure on the part of counsel to proceed promptly with the normal processes of discovery shall not constitute good cause for an extension or continuance." E.D. Va. Loc. Civ. R. 16(B).

### III. Analysis

Here, the Honorable Robert E. Payne issued a Scheduling Order setting the close of discovery for May 18, 2012. (Docket Nos. 8, 9.) Judge Payne subsequently entered a Consent Order, extending the time in which to complete discovery to May 25, 2012. (Docket No. 22.) McAfee issued the subpoena to Dr. Vieweg on June 7, 2012, thirteen days beyond the close of discovery, and set a return date of June 22, 2012, twenty-eight days beyond the close of discovery.

4

McAfee has not sought an extension of time in which to complete discovery and has not requested modification of the Court's Scheduling Order. Even if McAfee had so moved, based on this record, McAfee has not demonstrated good cause for modification. McAfee's attempt to place the blame for the late issuance on Wampler does not persuade the Court. Although McAfee discovered Wampler's potential memory problems during a March 2012 deposition, she did not, according to the record before the Court, take any action to follow-up on this discovery until about a week before the close of discovery when she served Wampler with a subpoena. McAfee failed to issue a subpoena to Wampler's doctors simultaneously to the subpoena to Wampler directly. Based on the information before the Court, McAfee would be unable to show good cause for an extension of the discovery deadline.[3] Because McAfee served the subpoena beyond the close of discovery, the Court will GRANT Movant's Motion to Quash.

### IV. Conclusion

For the foregoing reasons, the Court will GRANT Movant's Motion to Quash. (Docket No. 45.)

An appropriate Order shall issue.

/s/
M. Hannah Lauck
United States Magistrate Judge

Richmond, Virginia
Date: 6/27/12

---

[3] McAfee also argues that Boczar has waived the right to assert the cut-off of discovery as grounds for quashing the subpoena. (Pl.'s Mem. Opp'n 4.) However, Movant, and not Boczar, has filed the Motion to Quash.

5