IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Richmond Division

EILEEN MCAFEE,

    Plaintiff,

v.

CHRISTINE M. BOCZAR, et al.,                    Civil Action No. 3:11cv646

    Defendants.

and

VIRGINIA DEPARTMENT OF HEALTH,

    Movant.

## MEMORANDUM OPINION

This matter comes before the Court for disposition, pursuant to 28 U.S.C. § 636(b)(1)(A), of Plaintiff Eileen McAfee's Motion for Reconsideration of Ruling on Motion to Quash Subpoena to Dr. Vieweg ("Motion for Reconsideration"). (Docket No. 86.) For the reasons that follow, the Court will DENY McAfee's Motion for Reconsideration.

### I. Procedural History

On June 7, 2012, thirteen days beyond the close of discovery in this matter, counsel for McAfee issued a subpoena to Walter V. Vieweg, M.D., seeking Sharon Wampler's medical records to the extent they relate to treatment of any condition that could affect memory or cognitive function. The subpoena set a return date of June 22, 2012, twenty-eight days beyond the close of discovery.

On June 14, 2012, Movant the Virginia Department of Health filed a motion to quash. Among other asserted grounds for quashing the subpoena, Movant argued that the subpoena

should be quashed because both the subpoena's issuing date and the return date fell well beyond the close of discovery. In response, McAfee argued: "The subpoena to Dr. View[e]g was issued late in the discovery time frame because it only became evident that it was necessary to issue the subpoena when counsel for McAfee was informed by counsel for Wampler . . . well after the subpoena was served on Wampler . . . that Wampler had few, if any, records in her possession." (Pl.'s Mem. Opp'n Mot. Quash 4 n.3.)

On June 27, 2012, the Court granted Movant's motion to quash because the subpoena had been served beyond the close of discovery. (June 27, 2012 Order & Mem. Op.) That same day, McAfee filed this Motion for Reconsideration, indicating for the first time that the subpoena attached to the motion to quash was the second subpoena served on Dr. Vieweg at St. Mary's Hospital. (Pl.'s Mot. Reconsideration ¶ 2.) McAfee issued and served this first subpoena on May 17, 2012, with a return date of June 1, 2012, seven days beyond the close of discovery. (Pl.'s Mot. Reconsideration Ex. A.) McAfee states that she issued the second subpoena after being informed by St. Mary's Hospital that the first subpoena had been lost or misplaced. (Pl.'s Mot. Reconsideration ¶ 5.) Based on this new evidence, McAfee requests that the Court reconsider its decision to quash the subpoena.

## II. Analysis

### A. McAfee's Motion Fails to Comply with the Court's Local Rules

The Court first notes that McAfee's Motion for Reconsideration fails to comply with this Court's local rules. Local Rule 7 states that all motions "shall be accompanied by a written brief setting forth a concise statement of the facts and supporting reasons, along with a citation of the authorities upon which the movant relies." E.D. Va. Loc. Civ. R. 7(F)(1). Here, McAfee has

failed to file a brief in support of her motion and has failed to cite to any legal authority as a basis for the relief sought. The Court could deny McAfee's motion based on this failure alone.

### B. McAfee Fails to Provide a Valid Basis for Reconsideration

It appears that McAfee seeks relief under Federal Rule of Civil Procedure 54(b). This rule provides in relevant part:

> [A]ny order or other decision, however designated, that adjudicates fewer than all the claims or the rights and liabilities of fewer than all the parties . . . may be revised at any time before the entry of a judgment adjudicating all the claims and all the parties' rights and liabilities.

Fed. R. Civ. P. 54(b). The power to grant relief under Rule 54(b) "is committed to the discretion of the district court." *Am. Canoe Ass'n v. Murphy Farms, Inc.*, 326 F.3d 505, 515 (4th Cir. 2003) (*citing Moses H. Cone Mem'l Hosp. v. Mercury Constr. Corp.*, 460 U.S. 1, 12 (1983)).

Although the United States Court of Appeals for the Fourth Circuit has made it clear that the standards governing reconsideration of final judgments under Rules 59(e) and 60(b) are not determinative of a Rule 54(b) motion, *Am. Canoe Ass'n*, 326 F.3d at 514-15, courts have considered those factors in guiding their discretion under 54(b). Thus, motions for reconsideration generally should be limited to instances where:

> [T]he Court has patently misunderstood a party, or has made a decision outside the adversarial issues presented to the Court by the parties, or has made an error not of reasoning but of apprehension . . . [or] a controlling or significant change in the law or facts since the submission of the issue to the Court [has occurred]. Such problems rarely arise and the motion to reconsider should be equally rare.

*Above the Belt, Inc. v. Mel Bohannan Roofing, Inc.*, 99 F.R.D. 99, 101 (E.D. Va. 1983); *accord United States v. Smithfield Foods, Inc.*, 969 F. Supp. 975, 977 (E.D. Va. 1997). The Fourth Circuit has indicated that reconsideration is also appropriate where "'a subsequent trial produces substantially different evidence'" or "'the prior decision was clearly erroneous and would work manifest injustice.'" *Am. Canoe Ass'n*, 326 F.3d at 515 (*quoting Sejman v. Warner-Lambert*

3

Co., 845 F.2d 66, 69 (4th Cir. 1988)). Courts do not entertain motions to reconsider which ask the Court to "rethink what the Court had already thought through—rightly or wrongly." *Above the Belt, Inc.*, 99 F.R.D. at 101.

Here, McAfee presents new evidence of a prior subpoena served on Dr. Vieweg, but fails to explain why she did not or could not introduce this evidence in her brief in opposition to the motion to quash. Indeed, in her brief in opposition to the motion to quash, McAfee argued that the subpoena was issued "late in the discovery time frame because it only became evident that it was necessary to issue the subpoena when counsel for McAfee was informed by counsel for Wampler . . . well after the subpoena was served on Wampler . . . that Wampler had few, if any, records in her possession." (Pl.'s Mem. Opp'n Mot. Quash 4 n.3.) The new evidence of a prior subpoena seems to contradict McAfee's original argument to the Court.

Regardless, because McAfee could have presented evidence of the prior subpoena in her brief in opposition to the motion to quash but failed to do so, the Court declines to reconsider its decision. *Tully v. Tolley*, 63 F. App'x 108, 113 (4th Cir. 2003) (concluding the district court properly denied a Rule 54(b) motion where new evidence could have been discovered with due diligence); *Boykin Anchor Co. v. Wong*, No. 5:10cv591, 2012 WL 937182, at *2 (E.D.N.C. Mar. 20, 2012) ("'[A] motion to reconsider is not proper where it only . . . presents a better or more compelling argument that the party could have presented in the original briefs on the matter.'" (*quoting Fleetwood Transp. Corp. v. Packaging Corp. of Am.*, No. 1:10MC58, 2011 WL 6217061, at *6 (M.D.N.C. Dec. 14, 2011))); *McCoy v. Robinson*, No. 3:08cv555, 2011 WL 5975277, at *9 (E.D. Va. Nov. 28, 2011) (denying a Rule 54(b) motion where the plaintiff failed to explain why he could not have introduced the evidence prior to the adjudication of the previous motion); *Shanklin v. Seals*, No. 3:07cv319, 2010 WL 1781016, at *3 (E.D. Va. May 3,

2010) (denying a Rule 54(b) motion where the plaintiff merely sought "'to put a finer point on his old arguments and dicker about matters decided adversely to him'" (*quoting Goodman v. Everett*, No. 3:06cv849, at 3 (E.D. Va. June 18, 2009))).[1]

### III. Conclusion

For the foregoing reasons, the Court will DENY McAfee's Motion for Reconsideration. (Docket No. 86.)

An appropriate Order shall issue.

/s/ M. Hannah Lauck
M. Hannah Lauck
United States Magistrate Judge

Richmond, Virginia
Date: June 28, 2012

---

[1] Even were the Court to reconsider its decision based on the new evidence, the Court would still be inclined to grant the motion to quash. First, in violation of the Scheduling Order entered in this matter, the time of service for the first subpoena failed to contemplate potential discovery disputes and provided insufficient time to allow the resolution of those discovery disputes and the completion of the requested discovery by the discovery cut-off date. (*See* Scheduling Order, Pretrial Schedule A, at 2.)
Second, the first subpoena improperly set a return date of June 1, 2012, a date beyond the close of discovery.
Third, McAfee has offered no valid excuse for issuing the subpoena so late in the discovery period. McAfee learned about Wampler's potential memory problems during a March deposition, yet waited until May 17, 2012, eight days before the close of discovery, to serve the first subpoena.
Finally, McAfee suffers no material prejudice from the grant of the motion to quash because McAfee will have the opportunity to question Wampler, who has admitted to having memory issues and being examined for memory problems.