

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF VIRGINIA**
**Richmond Division**

EILEEN MCAFEE,

     Plaintiff,

v.                         Civil Action No. 3:11cv646

CHRISTINE M. BOCZAR,

     Defendant.

**MEMORANDUM OPINION**

For the reasons set forth below, the Defendant's RENEWED MOTION FOR QUALIFIED IMMUNITY AS TO COUNT I (Docket No. 110) will be denied.

**BACKGROUND**

On December 26, 2012, Ms. Eileen McAfee, a resident of Henrico County, received a request from a friend in Powhatan County to assess the circumstances of a dog which the friend thought was in distress. The two later visited the dog's owner who gave permission for them to examine the dog. McAfee concluded that the dog was in satisfactory condition, but that it needed a new dog house. Having secured permission of the owner, McAfee bought a dog house and delivered it to the owner and then helped to set it in place. In the process, McAfee fed

the dog a treat, and, in its exuberance to eat the treat, the dog accidentally bit McAfee.

McAfee was treated at a local hospital which reported the bite to Powhatan County where the report was given to Ms. Christine Boczar, a deputy sheriff. For the frailest of reasons, Boczar concluded that McAfee was withholding the location of the dog. Thus, Boczar had McAfee arrested for violating a Virginia statute which made illegal withholding of information about possibly rabid animals. McAfee was acquitted on the merits of the case at the conclusion of the prosecutorial case.

McAfee thereafter filed a Complaint against Boczar, a law enforcement officer employed by Powhatan County, Virginia, alleging malicious prosecution and a violation of the Fourth Amendment (Count I); malicious prosecution under state law (Count II); and a false imprisonment state law claim (Count III). (Docket No. 1). After Boczar filed an Answer and an Amended Answer, she moved for partial summary judgment on the basis of the doctrine of qualified immunity. (Docket No. 26). The parties briefed the motion, and the Magistrate Judge issued a REPORT AND RECOMMENDATION (Docket No. 53) recommending that the motion be denied. The Court fully adopted the Report, denying the summary judgment motion.

A three-day jury trial commenced on July 2, 2012. Before jury selection, Boczar moved to dismiss Count III of the Complaint pursuant to Fed. R. Civ. P. 50, and the Court granted the motion. (Docket No. 99). Thus, the jury considered only Counts I and II of the Complaint. On July 6, 2012, the jury returned a verdict in favor of McAfee on Count I, the federal malicious prosecution claim, and against McAfee on Count II, the state malicious prosecution claim (Docket No. 103).

After the jury returned its verdict, Boczar filed a RENEWED MOTION FOR QUALIFIED IMMUNITY AS TO COUNT I. (Docket No. 110). The parties have fully briefed the motion, and it is now ripe for review.

## LEGAL STANDARD

To determine whether the doctrine of qualified immunity applies, the Court evaluates whether the officer claiming immunity acted with "objective reasonableness." Torchinsky v. Siwinksi, 942 F.2d 257, 261 (4th Cir. 1991) (citations omitted). "The objective test involves an inquiry into whether a government official has violated 'clearly established statutory or constitutional rights of which a reasonable person would have known.'" Id. at 262 (citations omitted). The purpose of the doctrine is to "avoid excessive disruption of government and permit the resolution of many insubstantial claims on summary

3

judgment." <u>Harlow v. Fitzgerald</u>, 457 U.S. 800, 818 (1982). The doctrine balances the interests of holding public officials "accountable when they exercise power irresponsibly" and "the need to shield officials from harassment, distraction, and liability when they perform their duties reasonably." <u>Pearson v. Callahan</u>, 555 U.S. 223, 231 (2009).

## DISCUSSION

Boczar contends that the facts developed at trial require reconsideration of the qualified immunity issue. The Court views the facts relevant to Count I of the Complaint in the light most favorable to McAfee for the purposes of deciding this motion. <u>See</u> <u>Fox v. Hayes</u>, 600 F.3d 819, 832 (7th Cir. 2010). However, even were the Court to consider only those facts that are undisputed, the Court's conclusions would not change.

The undisputed relevant facts are as follows:

(1) Boczar spoke with McAfee only once to ask her for information about the dog's whereabouts. July 3 Tr. 107. On that one occasion, it was McAfee who telephoned Boczar. <u>Id.</u> at 105;

(2) That conversation lasted only a few minutes. <u>Id.</u>;

(3) During that conversation, McAfee stated that she did not know the street address where the dog was located, but

4

volunteered that she could probably find the house.  Id. at 103:
24-25;

(4)   Boczar did not believe that McAfee knew the address at
which the dog was located.  Id. at 106: 17-22;

(5)   After this short telephone call, Boczar made no
further attempts to contact McAfee before seeking a warrant.
Id. at 107.  She never informed McAfee that she believed her
conduct was unlawful;

(6)   Boczar claims that her actions were partly justified
because of the information she received from Judy Yates of the
Department of Health.  However, Boczar admits she never asked
Yates if she had asked McAfee for the location of the dog.
Id. at 109; and

(7)   Boczar also claims that she was told by nurse Sharon
Wampler that Wampler "felt" that McAfee was hiding the location
of the dog.  Id. at 110-111.

Boczar's conduct fails to meet the test of objective
reasonableness.  Any reasonable person would have known that, by
seeking a warrant for a person's arrest without cause to do so,
they were violating the constitutional rights of that person.
As explained in Judge Lauck's REPORT AND RECOMMENDATION (Docket
No. 53), the right at issue was clearly established.  See R&R at
13 (quoting Pritchett v. Alford, 973 F.2d 307, 314 (4th Cir.
1992) ("[Clearly established constitutional rights] include[]

5

not only already specifically adjudicated rights, but those manifestly included within more general applications of the core constitutional principle invoked.")).

Boczar exercised her power irresponsibly. Her conduct is not the type of conduct sanctioned or protected by the doctrine of qualified immunity. McAfee telephoned Boczar and cooperated fully. She told Bozcar that she thought that she could find the location of the dog but did not know the address. Boczar, believing that McAfee was telling the truth about the address, hurriedly ended their telephone conversation. She did not ask McAfee to tell her directions to get to the dog's location. She did not ask whether McAfee could lead her there. And, she did not ask whether McAfee knew someone who might know the address.

After their call, Boczar never again contacted McAfee. Nevertheless, Boczar told a magistrate that McAfee "refuses" to give any information about the dog's whereabouts. Not only was this statement untrue by Boczar's own admissions at trial (she admitted that McAfee had told her she could find the dog); but, even if McAfee had initially refused to provide information (which she did not), Boczar had no knowledge that she was still refusing to provide such information. Neither Yates nor Wampler told Boczar that they had asked for the location of the dog, nor did either tell Boczar that McAfee had refused to provide such information.

In a sworn Criminal Complaint, Boczar said: "When I contacted the victim [Ms. McAfee], she refuses to give information on the location of the dog." Criminal Complaint, Pl. Ex. 3. The record shows that simply was not true and that Boczar knew, but did not disclose in the Criminal Complaint or orally to the magistrate, that McAfee actually had volunteered to help lead Boczar to the location where the dog was tethered. That, of course, puts the lie to Boczar's assertion that McAfee "refuses to give information on the location of the dog."

It is highly unlikely that any magistrate would have issued the warrant if Boczar had told the truth. Beyond doubt, the facts known to Boczar did not amount to probable cause that McAfee had violated Va. Code § 15.2-313.1 which applies only if McAfee "knowingly [withheld] information . . . which would reasonably lead to the . . . location" of an animal suspected of having rabies.

What happened here is the kind of conduct by a law enforcement officer that does not give rise to qualified immunity. In the only conversation between McAfee and Boczar, McAfee volunteered to help Boczar locate the dog, but McAfee also expressed her concern for the welfare of the dog. That angered Boczar and caused her to confuse McAfee with an animal rights activist who previously had caused difficulty to Boczar. As Boczar told the police dispatcher on January 14, 2011, the

day after the warrant was issued, she would not tolerate any repetition of that behavior and that it was her purpose to run that person, the animal rights activist (whom Boczar erroneously believed to be McAfee) out of the county.  Pl. Ex. 1 pp. 4-5. It was for that reason that Boczar procured the warrant for McAfee's arrest.  In doing so, Boczar actually misrepresented the facts.

Qualified immunity is not designed to protect a law enforcement officer from the consequences of such conduct. Boczar abused her authority and, in doing so, she violated McAfee's well-established constitutional right.  For that abuse, Boczar should now pay.[1]

---

[1] Boczar argues that, in order to challenge a warrant affidavit with untrue facts that led to an unreasonable seizure, the plaintiff must prove that a defendant police officer acting with "reckless disregard" for the truth made material false statements in the affidavit.  See Miller v. Prince George County, Md., 475 F.3d 621, 627 (4th Cir. 2007) (citations and quotations omitted).  That fact is of no consequence here.  The jury has already decided the question of whether Boczar had probable cause to arrest McAfee.  The question now is whether Boczar is entitled to qualified immunity.  In any case, for the reasons explained above, it is clear that Boczar did indeed act with "reckless disregard" for the truth in telling the magistrate that McAfee "refuses" to give the location of the dog.

## CONCLUSION

For the foregoing reasons, the Defendant's RENEWED MOTION FOR QUALIFIED IMMUNITY AS TO COUNT I (Docket No. 110) will be denied.

It is so ORDERED.

_____ /s/ _____
Robert E. Payne
Senior United States District Judge


Richmond, Virginia
Date: August 15, 2012

9