**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA**
Richmond Division

SEP 20 2012

CLERK, U.S. DISTRICT COURT
RICHMOND, VA

| | |
|---|---|
| EILEEN McAFEE, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | )  CIVIL NO. 3:11-cv-646-REP |
| | ) |
| CHRISTINE M. BOCZAR, et al., | ) |
| | ) |
| Defendants. | ) |

## REPORT REGARDING SETTLEMENT CONFERENCE

The Honorable Robert E. Payne, Senior United States District Judge, referred this matter

to this Court for a settlement conference to principally address the amount of attorneys' fees to

be awarded to the Plaintiff after she prevailed at trial. After the parties agreed to a date for the

settlement conference, the Court issued an Order Regarding Procedures for Settlement

Conference (ECF No. 123), which was dated September 11, 2012. As is true with all settlement

conferences before the Court, the Order envisions that all parties will act in good faith to achieve

a settlement during the conference.[1] Order at 3.

On September 19, 2012, the Court conducted the settlement conference scheduled by the

parties. Counsel for the Plaintiff and the Plaintiff herself attended, while the Defendant appeared

along with her attorney and a representative from the Division of Risk Management, who

constitutes Defendant's insurer. The parties were unable to reach a settlement at that time. The

---

[1]    The Order Regarding Procedures for Settlement Conference specifically requires that
"[i]f the matter is not settled, the Court will simply inform the designated trial judge that the
matter was not resolved despite the parties' good faith efforts (provided that the parties comply
with the conditions of this Order and act in good faith during the settlement conference)." Order
at 3.

Court reports to Judge Payne that, in light of the posture of the case and the Defendant's position on attorneys' fees (Def. Brf. in Oppos. to Pl. for Atty. Fees, ECF No. 118), which included an affidavit from a defense-retained expert regarding the reasonable rate for attorneys' fees in this case (Exhibit A), the Court believes that Defendant's insurer did not make a good faith effort to resolve the matter at the settlement conference.

Due to the confidential nature of settlement conferences, no further information will be relayed to the district court, nor will the Court make any recommendation to Judge Payne as to further actions.

The Clerk is directed to provide a copy of this Order to all counsel of record.

It is so ORDERED.

/s/

David J. Novak
United States Magistrate Judge


Richmond, Virginia
Dated:  September 20, 2012