IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Richmond Division

DEC 1 9 2012

EILEEN MCAFEE,

     Plaintiff,

v.                              Civil Action No. 3:11cv646

CHRISTINE M. BOCZAR,

     Defendant.

### MEMORANDUM OPINION

This matter is before the Court on plaintiff Eileen McAfee's SUPPLEMENTAL FEE PETITION (Docket No. 135). For the reasons set forth below, the petition is granted in part.

### BACKGROUND

This petition follows the plaintiff's initial PETITION FOR ATTORNEY'S FEES AND COSTS (Docket No. 113) and seeks an award of the fees and costs to cover the post-trial motions practice in this action as well as the cost of preparing the initial fee petition.

For the purposes of the present petition, the Court incorporates the procedural and factual background as well as the legal standards set forth in the Court's MEMORANDUM OPINION OF NOVEMBER 2, 2012 (Docket No. 130).

### DISCUSSION

McAfee seeks a supplemental award of attorney's fees in the amount of $59,021.00. Boczar opposes the award of supplemental fees and simply adopts her arguments against the initial fee award mutatis

mutandis. Def. Br. in Opp. to Pl. Supp. Fee Pet. (Docket No. 136) at 2.

It is uncontested that "[t]ime spent defending entitlement to attorney's fees is properly compensable in a § 1988 fee award." Daly v. Hill, 790 F.2d 1071, 1080 (4th Cir. 1986). However, it is "within the district court's discretion to determine exactly what amount would compensate the party sufficiently for the time spent on the fees phase of a lawsuit." Trimper v. City of Norfolk, 58 F.3d 68, 77 (4th Cir. 1995). Both McAfee and Boczar express the view that the Court should apply the same considerations to the determination of a reasonable supplemental fee award as it did to the original fee award. See e.g. Br. in Opp. at 1 ("The same rules the parties fully addressed in the previous round of briefing regarding attorney's fees apply equally to this supplemental motion for attorney's fees."). For the reasons set forth in the Court's previous Memorandum Opinion, the Court again finds that the rates charged by McAfee's counsel are reasonable and incorporates the reasoning set forth therein. See Mem. Op. of Nov. 2, 2012 at 15-25. What remains, then, is a determination of the reasonableness of the hours expended on the various tasks claimed in the supplemental petition. Based on the Court's review of the Supplemental Petition, it appears that the fees requested are for work that fall into four general categories: (1) time spent defending against Boczar's RENEWED MOTION FOR QUALIFIED IMMUNITY

2

(Docket No. 116); (2) efforts to settle the issue of attorney's fees with Magistrate Judge Novak; (3)time spent drafting the initial fee petition; and (4) time spent addressing the issues raised by the Court in is ORDER OF SEPTEMBER 21, 2012 (Docket No. 125) and spent drafting the reply brief. These four categories will be considered in turn.

## A. McAfee's Opposition to the Motion for Qualified Immunity

The hours in this category are not truly "fee-on-fee" hours as they were not spent "defending entitlement to attorney's fees." Daly, 790 F.2d at 1080. Rather, these were hours expended in the standard course of the litigation. It was merely a result of the briefing schedule set by the Court that necessitated the inclusion of these hours in the present petition. See ORDER OF JULY 9, 2012 (Docket No. 106)(setting briefing schedule of the attorney's fee petition); ORDER OF JULY 12, 2012 (Docket No. 107) (setting the briefing schedule for defendant's motion for qualified immunity).

As McAfee notes, during this time period the attorneys on the case had continued to engage in some quantity of "block billing." Supp. Pet. at 4.[1] However, based on a review of the Supplemental Chart

---

[1] McAfee argues that the supplemental Chart of Work "reflects no significant block billing." Id. McAfee attributes this to the fact that most of the post-trial work focused on discrete issues and that, following the filing of Boczar's Opposition on August 6, 2012, McAfee's counsel stopped engaging in block billing. Id. Both of these propositions appear to be generally true; however, for the purposes of the first category of work, almost all of the work took place before August 6, 2012.

of Work (Docket No. 135-2), it appears that almost all of the "block billed" entries relating to this issue were for Mr. Piepgrass. The Court reiterates its concern with the practice of block billing in actions where a party seeks attorney's fees from an opponent. See Mem. Op. at 28-33. Accordingly, the Court will reduce the hours claimed by Mr. Piepgrass, for work that appears to be related to the opposition of the renewed motion for qualified immunity, by ten percent. Moreover, the qualified immunity issue had been previously, and fully, briefed. It was not reasonable to devote, by the Court's calculation, 32 hours (or four eight our days) addressing the issue. Considering the need to review the transcript and then prepare a response, it is reasonable for Mr. Piepgrass, an experienced associate, to have spent eight hours on the project, and there was no need for anyone else to have worked on it. Accordingly, that will be the allowed fee for this issue, reduced by ten percent for block billing.[2]

## B. Hours Spent Preparing For and Attending Mediation

In an effort to avoid extensive litigation on the issue of attorney's fees, the parties were instructed to meet with Magistrate Judge Novak in order to discuss settlement regarding the amount of an appropriate fee award. See Hensley v. Eckerhart, 461 U.S. 424,

---

[2] By the Court's calculation, this results in a fee of $2,628 for work performed on the renewed motion for qualified immunity.

437 (1983) ("A request for attorney's fees should not result in a second major litigation. Ideally, of course, litigants will settle the amount of a fee."). Unfortunately, the efforts at settlement were unsuccessful. However, the time devoted to this endeavor is not time devoted to the filing of the fee petition. It is time devoted to settlement and that cannot be recovered here.

## C. Hours Spent Preparing and Revising the Fee Petition

The largest category of hours in the supplemental petition relate to the process of preparing the initial fee petition itself. The number of hours was enhanced, however, by the deficiencies in the original fee petition – primarily in the context of the block billing problem. In order to attempt to determine whether the hours claimed were reasonable, it was necessary for the Court to request that McAfee prepare a supplemental chart of work reflecting the overall time spent on particular issues as well as attempt to particularize their billing records. See Order of September 21, 2012 (Docket No. 125). It would be inappropriate to allow McAfee to charge her opponent for the hours incurred supplementing the fee petition with information that should have been in the original petition; indeed, those hours are properly viewed as duplicative and should be reduced on that basis. The Court takes a similar view toward the additional efforts that were required to demonstrate Mr. Hurd's experience with § 1983 actions was extensive and did not present the

dangers raised by the United States Court of Appeals for the Fourth Circuit in Buffington v. Baltimore County, 913 F.3d 113 (4th Cir. 1990) for cases in which otherwise experienced lawyers take on engagements outside of their areas of expertise.[3] Accordingly, the Court has attempted to identify those hours that were made necessary by the block billing and make appropriate reductions. In addition, the Court makes the same observations regarding block billing in the supplemental petition for hours incurred relation to the preparation of the fee petition as it did above regarding hours incurred opposing Boczar's renewed motion for qualified immunity: namely, that some amount block billing was engaged in by Mr. Piepgrass and, therefore, those hours should be subject to the same ten percent (10%) reduction as applied in the original fee award.[4]

Following the Court's line-by-line review of McAfee's Supplemental Chart of Work, the Court finds that it was not

---

[3] The Court views differently, however, the time expended responding to the legal arguments raised by Boczar in her initial opposition relating to Buffington. The fee award is appropriately reduced in this instance as the result of duplicative efforts to present the factual basis underlying the initial fee application. Responding to legal arguments in opposition is, of course, an inherent, unavoidable, and properly recompensed aspect of defending the entitlement to a fee award.

[4] As McAfee notes, and as the Supplemental Chart of Work bears out, there is not significant block billing following the filing of Boczar's Opposition and, therefore, the reduction of Mr. Piepgrass's hours will be limited to the time period during which the initial petition was being prepared.

unreasonable for Mr. Hurd to have 10.8 hours devoted to the project; for Mr. Piepgrass to have devoted 46.35 hours to it; for Ms. Flynn to have devoted 1.5 hours; or for Ms. Stone to have devoted 46.9 hours to it. But, that would yield a fee of $29,473, and the exercise of billing judgment would necessitate the conclusion that a reasonable fee for this endeavor is far less than that. Indeed, the supplemental petition calls into play the ancient, and often appropriate, proverb that, "since enough is enough, (sayd I), here may we/With that one word take end good, as may be geast:/For folke say, enough is as good as a feast."[5] Based on the Court's review of the work required in preparing the fee petition, the Court finds that a reasonable fee for this task is $10,000.

## D. Miscellaneous Hours

There remain several entries that are not accounted for in the above calculation. Most of them are entries from which the Court is unable to determine what work was performed, what it related to, or if it was reasonable. For example, on July 30, 2012, Mr. Piepgrass entered 0.8 hours for "confer with Bill Hurd and Eileen McAfee regarding various issues." The entry reflects that the remainder of the entry was redacted due to attorney-client privilege. McAfee and her counsel are entitled to zealously protect privileged

---

[5] John Heywood, The Proverbs of John Heywood, Being The "Proverbes" of that Author Printed 1546 173 (Julian Sherman ed., London, George Bell and Sons 1874).

communications; however, such entries do not and cannot allow the Court to determine whether the time so spent can properly be billed to McAfee's adversary. Therefore, for those entries where the Court is unable to determine, at least generally, the nature and scope of the work claimed, and is unable to determine whether that work was reasonable or necessary, McAfee's request for fees is denied. Similarly, there are a small number of entries that reflect work that is simply not properly billed to Boczar. For example, McAfee cannot claim the .6 hours billed by Ms. Stone on July 23, 2012, to "draft correspondence to Mrs. McAfee enclosing copies of transcript and other pleadings." Accordingly, those hours will not be awarded.

### CONCLUSION

For the reasons set forth above, McAfee's SUPPLEMENTAL FEE PETITION is granted in part. The Court incorporates its finding in its previous Memorandum Opinion that the rates requested by McAfee's counsel are reasonable. McAfee will be awarded a supplemental fee in the amount of $12,628.

It is so ORDERED.

/s/  _REP_

Robert E. Payne
Senior United States District Judge

Richmond, Virginia
Date: December 19, 2012

8